Let's call the next case, United States v. Mack, number 19-3841. And we'll hear from Mr. Sanders first. First off, welcome, hope you both are well, and thank you for joining us via Zoom for oral argument. Mr. Sanders, would you like to reserve any time for rebuttal? I would, your honor, three minutes, please. That'll be granted. All right, you may proceed whenever you like. Thank you. May it please the court, I'm Assistant United States Attorney Stephen G. Sanders. On behalf of the government, the appellant in this matter, this court should reverse the amended judgments, reducing the sentences to time served because defendants were not sentenced for a covered offense as that term is defined in section 404A of the First Step Act. That section provides that a covered offense is a violation of the federal criminal statute, the statutory penalties for which were modified by section 403 of the Fair Sentencing Act. So weren't the statutory penalties for B1A3 modified? B1A3 were modified, but the penalties for the powder cocaine aspect of that charge were not. And this is, I mean, Judge Hayden adopted the broad view of the statute controls approach, the one that the Fourth Circuit adopted in Wersing. And we know that can't be right because this court in Burt rejected that broad view and said that you must focus in on both the text and effect of the amendments that the Fair Sentencing Act worked. Burt only applied, the only penalties there were under A2, too little I for powder, correct? It was 846 and A2. So A3 was not even at issue in Burt. Burt was at a detectable amount of crack cocaine under B1C, right? And the position of the defendant in that case was that because Congress had altered the penalties for the higher ranges, they had implicitly extended the range for the detectable amount of crack. And this court rejected that. This court says that there has been no change made to B1C. Well, there was no change made to B1C, correct? But here we have a situation where there is a change to B1A3. And I don't know how you read into cover defense definition an exception if the statutory provision is coupled with a statutory provision that hasn't been changed. I'm not reading into it an exception, Your Honor. I'm saying that based on the law, in fact, since 1996 in this circuit, even before Apprendi, this circuit had a rule that if you had a dual object conspiracy, the maximum penalty for that conspiracy could be no higher than what the jury's findings authorized. And so if you had two different statutory maximums and the jury only found the lesser one, this court, along with several others, said that you can only impose the lowest one. Well, that's a matter of the imposition of a sentence. We're talking about an entitlement to resentencing at which the district court might say, well, I'm going to do the same thing. And if there was a mandatory minimum for powder that hadn't been served yet, that probably would control. But we don't have that situation here, do we? We're not talking about an entitlement. I mean, we're talking about entitlement to resentencing, not actually what the sentencing exposure or what the penalty will be. No, I really don't have it here because the defendants had served beyond the 10-year mandatory minimum at the time they made this motion. But to go back and answer your earlier question about am I trying to read an exception into this provision? I am not. In fact, and I wish I expressed this more in my brief, the authority to reduce sentences in this manner comes from section 3582C1B. And that provision says that sentences, otherwise final sentence cannot be disturbed except as expressly authorized by statute or rule 35 of the Federal Rules of Procedure. And that express authorization language, I think requires the defendants to climb a higher burden than just, or a higher hill than just to show that they have crack as one element of a multi-element offense. This is a new argument that you're making, 3582? Well, I did not express 3582 in my brief, but the first step back is a statute that authorizes the court to disturb an otherwise final sentence. And under 3582C1B, that authorization has to be expressed. Right, it requires an express statement in the statute. And I've just mentioned that because my adversaries, the defendants have said that all we've shown is an ambiguity. And I think if we've shown an ambiguity, they lose because they haven't shown that this is expressly authorized. Well, I guess putting what Judge Randell just said another way, I think there's a distinction between eligibility for a sentence reduction and actually reducing the sentence. It seems that you're fighting us because the powder cocaine element stands and this only affects the crack cocaine sentence, I guess. I mean, why shouldn't they be eligible at least to get a shot at having their sentence reduced? And the answer to that is because we know, at least from what Congress is trying to do, that these defendants, their sentences, their maximum, their minimum sentences were not affected in any way by the crack powder disparity. They had an amount of powder cocaine that was sufficient to justify the sentence they got, even if they had been acquitted of the crack object or even if Congress subsequently decriminalized the possession of crack altogether. In other words, they are getting an entitlement to a benefit that no other defendant who was convicted of powder only, either before 2010 or after gets. And that creates a system, I think that Congress couldn't have intended. How do you read 404A to do what you want it to do? As a definition of covert offense, how do you read it to do what you want it to do? I think if you read 404A in connection with the language we cited and the cases we quoted on page 10 of my reply brief, Conley and this circuit and the 11th circuit case about the dual object conspiracies, where you know the statutory maximum hasn't changed, right? To go back to the language of Burt, right? It doesn't say statutory maximum. It says the statutory penalties for which were modified. And do you agree that the statutory penalties for A3 were modified? I do, I agree. Okay, then how do you read that section to disallow his resentencing here? Because I believe that if there are multiple objects in a conspiracy, then all the elements of that offense have to have been affected by the Fair Sentencing Act in order for there to have been a modification to make them eligible. But I'm again asking how within the terms of little A, where do you get that? Well, it's a statutory penalties plural. And so we have several statutory penalties here, right? We have one for the crack object and one for the powder cocaine object and only one of those has been modified. But it's violation of a federal criminal statute, the statutory penalties for which, and you have to read statute as meaning A3 or A2, correct? I mean, they're different. So you have to look at all the statutes under which they were convicted and violation of a federal criminal statute. All right, I think I understand your argument. I don't see it. And I mean, just to parse this out a little more, Deirdre, in our briefs, I think we said the violation here is 846, right? Because that's the provision, that's the federal statute that prescribes conspiracies on the 10th. And then the statutory penalties for those are prescribed in 841B. And I think our argument basically is that you need to have, you need to show that both penalties have been modified in order to be eligible. Otherwise you're getting- So you would read violation of federal statute, all of the statutory penalties for which? That's right. Okay, all right, now I get it. What is your interpretation of Jackson? Why doesn't that help decide the case here? You mean this court's Jackson? Yes. Well, I mean, in Jackson, this court adopted the statute control theory, but it did not purport to resolve the follow-on cases like dual object conspiracies or B1C offenses that this court confronted just a month later in Burt, right? I would think that if Jackson settled those questions, then in Burt, the panel that handled that case would have said, our hands are tied. Jackson said that any time a penalty under 841B for a crack offense has been modified, the defendant's eligible, that that case couldn't have come out the way it did. So my short answer again is that Jackson did not purport to resolve these follow-on questions. And I would point out, Judge Sirica, that when we noted this both in our opening brief and our reply brief, even the defendants in the Jackson case pointed out that if this court adopted the statute controls approach in Jackson, that unlike the Fourth Circuit, it would not necessarily force a resolution of this question where the dual object conspiracies are eligible offenses. Can you just make a couple of other points here? Can I ask you a question, counsel? Just to really clarify, you raised a lot of interesting points, but one that you didn't seem to raise was whether the district court abused its discretion when it sentenced the defendants to time served. Is that something you're not dealing with here? That's correct. We're raising a pure question of law and statutory construction for this court's resolution. Great. Thank you. I would just point out one other thing that I mentioned in my brief, and then I'll sit down and let Mr. Adams have a crack at it. But- Go to speak. That's a pun, right? Pun intended. I'm sorry. Yes, it was poor choice. And I commend the defendants for their candor, but if you look at page 32 of their brief, they basically admit that this was all about getting the benefit of the Booker remedy, right? But that's not why the Fair Sentencing Act and why the First Step Act were passed, right? They were passed to make sure that defendants whose sentences were actually affected by the crack powder disparity, but then who did not get, and you can think of it easily of a defendant who got a reduction in his guideline range, right? Under the Fair Sentencing Act, but couldn't get a lower reduction because the statutory maximum, those changes had not been made retroactive. Those people then deserve a further downward reduction. That's not this case. So with that, I will cede the rest of my time and see you back on rebuttal. Let me ask you a site for that proposition that the crack did not affect it. I thought I had a reference of 226, something like that, where it showed that the crack did really, I mean, if you're talking about whether the effect is important, and I'm not sure it is, I thought it was affected. Yes, I think- Maybe you can address that on rebuttal. I think I know what Your Honor is talking about, and I have it right up here. When the Fair Sentencing Act was passed, and then the Drugs Minus Two Amendment was passed, the defendants then did qualify for a downward reduction because their guidelines ranges had been reduced enough that they could go from a mandatory life to a 360-day life range. And in fact, they got an additional benefit, and the pages of the appendix Your Honor was referring to are those stipulations to those reduction. We actually agreed to an additional two-level reduction because the ranges of drugs that they had found, when you converted them into marijuana equivalents, when you had a high and a low and a high range, when you totaled up the high ranges, it bumped them up an additional two levels. If you added up the minimum quantities that the judge estimated, it put them two levels lower. So they actually got a four-level reduction in or around 2015, 16. Judge Sreka, do you have anything more? Okay, great. Okay, thank you. We'll hear from your adversary, Mr. Adams. Good morning, Your Honors, and may it please the court. Christopher Adams on behalf of all four defendants, Rodney Mack, Ronald Mack, Jesse Ofer, and Hassan Hawkins. Your Honors, a plain reading of Section 404 does not exclude a dual object or multi-object conspiracy as long as one of the penalty provisions was amended by the Fair Sentencing Act. And that's true for a number of reasons. First is a plain reading. To be clear, Section A of 404 plainly and straightforwardly says the term covered offense means a violation of a federal criminal statute, the statutory penalties for which were modified by Section 2. As your colleague points out, it does say the statutory penalties for which. So he reads in their violation of a statute, all of the statutory penalties for which. Why is that not a proper reading? Because the government's asking this court to impose some extra textual inclusion. The statute does not say that a single violation. It doesn't say all violations. It says a violation. And the penalties in this circumstance were the statute was Section 846, conspiracy. And the penalties for crack were B1A3. The penalties for powder cocaine were B1A2. The statute was violated in two distinct and different ways, but one of them was a covered offense. And that extra textual exclusion that the government's trying to impose on this plain reading statute flies in the face of how it's written. It's written broadly. And with this also its intent, the intent is remedial. And also the Supreme Court has actually spoken to this issue about extra textual exclusions recently in the Title VII case in Bostock and cites a long history of why it would be inappropriate for courts to alter or amend the plain reading of those statutes. And also in Jackson-Harris and this court's decision in Jackson, I would suggest that the extra textual exclusion is inconsistent with that holding. The court started at that opinion by saying we begin as we must with the plain text. And courts must presume that a legislature says in a statute what it means and means in a statute what's there. And that is inconsistent with the government's asking this court to take into consideration that it would be unfair to someone convicted of powder only. The entire history of the statute, remedial statutes, were designed to remediate the 100 to one cocaine base to cocaine powder disparity. There was no effort to remediate anything with powder cocaine. Do you read BERT differently from your opponent? I do, Your Honor. I would suggest that BERT actually stands for the proposition consistent with Judge Hayden's ruling, aside from it being distinguishable in a number of respects. The BERT statute of conviction was 841 A1. The penalties for the statutory violation were B1C. And B1C wasn't modified by section two or three of the Sentencing Act because that makes sense. BERT negotiated a plea agreement like many defendants for section B1C because B1C has a far friendlier maximum statutory penalty. Far friendly is a far cry, but it's 20 years as opposed to 40 and life if it was specified. So BERT didn't have a covered offense. And aside from the BERT court repeatedly reminding us in that opinion that neither the general possession with intense statute nor the unspecified amount of crack subsection were modified by the Fair Sentencing Act, had BERT been charged and convicted under B1B3, which he could have been since the amount he was in possession of was 186 and a half grams, then the rationale of BERT would have had to bring the court to the conclusion that he was convicted of a covered offense because the statute had issued penalties were modified. And the court repeatedly identified B1A3 and B1B3 in BERT as the only provisions modified by the Fair Sentencing Act and that the court was constrained, that they couldn't even go to a far broader reading and found conflict with what the First Circuit decided in looking at Elaine in the Supreme Court's holding. And so much so, Your Honors, that the Third Circuit almost put an exclamation point on the opinion in BERT by citing to Dorsey and the Supreme Court's decision in Dorsey identified just those two provisions, not B1C or anything else. So do you argue that BERT is helpful to your argument? I do, Your Honor. I believe that the logic in BERT applies because the logic in BERT, this court, the opinion read that it was almost trying to, straining to get a grasp of the defendant's arguments in that case to try and distinguish it from the First Circuit. And the court noted in BERT that if you take the penalty provision for B1A3, that's a distinct violation of the criminal statute. Jury had to find that certain amount and that's an element. And then also the jury would have had to find the extra element for powder cocaine, which it did. And that's in the verdict sheet. It's in the appendix. I believe it's 215. But it's a similar argument that the government tries to find some refuge for this logic in the Second Circuit and suggests that there's a split and respectfully suggests there's not. The Second Circuit in Lott and Escheverry did not represent a split. The Fifth Circuit in Winters actually quite well dispelled the notion that Escheverry stood for the proposition suggested here. What do you make of the opinion in Lott? Well, I have a hard time with Lott, Your Honor, because it's an unprecedented summary order by the defendant Murphy in that case, who the court said did not articulate a basis, nor did it distinguish Escheverry. And Escheverry, as the Winters Court noted very clearly, Escheverry's distinction was that they were already, Escheverry was already at the statutory floor. So if you already had, the Fair Step Back doesn't allow a court to ignore the statutory minimum sentence. So they couldn't, Escheverry couldn't impose a sentence below 10 years. Here, these four defendants had served nearly two times the statutory minimum. So it could impose a statute without violating statutory floor. And frankly, the Second Circuit, I would suggest, does not consider this issue foreclosed by Lott and by Escheverry because they scheduled U.S. versus Jordan in March to address the specific issue that this court is hearing today. Your Honor, I would suggest here that Congress chose to draft a remedial statute with broad eligibility. If you're a defendant that was impacted or your statutes address the gross sentencing disparities that bore out terribly racially disparate impacts, then you may. And it goes to your question, Judge Rendell, and yours, Judge Chigares, about eligibility. That's what's before the court, whether you may ask for a resentencing, not the merits. The merits, the government takes great issue with and their briefs, the appendix is replete with pages of arguments to the trial court as to why they don't deserve a resentencing. But that's what it's for, whether the merits section is for the government to suggest, oh, well, in this case, the powder cocaine drove the sentence. So you maybe, Your Honor, maybe you shouldn't impose a resentencing. And that's happened here, too. And that goes to the absurdity argument. There are at least three district court judges in this district who have agreed with eligibility for a dual object conspiracy, but declined the merit selection. And that reevaluation, when the court looks at that, if you're convicted of a covered offense, defendants here are convicted of a covered offense because the penalty is modified. The government is suggesting that the statute should have extra language added to it to exclude what Congress knew what it was doing. And I would respectfully suggest, a dual or multi-object conspiracy that includes a covered offense should be eligible for a merits review because of the plain reading, because of this court's logic in Jackson, because of this court's logic in Burt. And for those reasons, we respectfully request that the court affirm the district court's ruling. Counsel, your adversary mentioned that I think it was a new argument that I believe it was 3582, but I might've written it down wrong, causes a problem here. Are you familiar with that? I know it's something new. It is something new, your honor. It wasn't brief, but I believe that 3582 is something that requires a statutory change. And here a statutory change would be just this, the Fair Step Act. Can I ask you another question? You mentioned in your argument, the second circuit is going to be considering the same issue in another case. Was it United States versus Jordan? You said? Yes, your honor. It's scheduled for March. I don't believe I know which day in March, but it's US versus Jordan. And I suggest that only because if Escheverry and Lott closed the issue for the second circuit, I couldn't imagine that they would have a need to take that case. And if there are no other questions, I'll see the rest of my time. Judge Sirica, do you have anything more? No. Okay. And Judge Rendell? No, nothing more. Okay. Thank you, counsel. Mr. Sanders, we'll hear from you again. Thank you. May it please the court. Yes, there is a case in the second circuit scheduled for March, right? That is going to address eligibility. And there's nothing surprising about that, right? The Lott opinion was non-precedential. But the fact that despite Escheverry, the second circuit is going to consider that suggests that the court in Escheverry found the easiest way to affirm in that case, right? The defendant had received the mandatory minimum. So under the as-if provision, even if he was eligible under section for a covered offense, the court couldn't go any lower because he had got the mandatory minimum for the powder object or the non-crack object would limit the court's downside movement. So it was very easy to affirm there. The case that's coming up in the second circuit will address the same question that is before your honors in this case, eligibility for a covered offense. I want to just address a couple of points Mr. Adams made. He talked about unfairness, right? The crack powder disparities, but these defendants are getting a benefit that no other defendant convicted of powder only offense are getting. And in fact, they're getting a benefit for committing a more serious version of section eight, a more serious violation of 846 than the powder only defendants. And that couldn't have been what Congress intended. Mr. Adams noted that there are three judges in this district who have found defendants eligible and then denied reductions in an exercise of 355-3A discretion. And if those defendants appeal, until this court decides the question, we're going to argue as a first matter that those defendants weren't eligible and that's the basis on which to affirm. There are also about five other cases pending in this circuit. One of which I think are at the 355-3A stage but there are four others I believe where the issue in a dual object or multi-object case, the issue of eligibility is pending before the district courts and they're aware that this case is before your honors and that that will settle the question. Wouldn't the issue be moot if the court below refused to change the sentence? Isn't the case moot? Well, no, because I assume the defendant may appeal in that case and say that the district court abused its discretion and refusing any discretionary downward. And then you would cross appeal. Well, we wouldn't have to cross appeal. We would just argue as an alternative basis for affirmance that the defendant wasn't eligible to begin with. Finally, Mr. Adams pointed out that we are reading and this is an argument that we're reading and some extra textual requirement into section 404-A. We're not. He keeps assuming that he's eligible and that the other sections of the act B and C are the ones that contain the limitations. But again, we think that if you read the act as a whole including the as if provision, right? These defendants were sentenced as if, right, these provisions were in place. They had the same statutory minimum and statutory maximum because of the powder cocaine object. The changes to the crack cocaine minimums and maximums don't affect this case. They're not sentenced for a covered offense. And finally, Judge Chigars, you asked about my invoking section 3582. That's right. I just, what I pointed out at the outset of the argument is section 3582 is what allows, subsection C is what allows a court to disturb an otherwise final sentence. And there's two ways courts can do that through a retroactive change to the guidelines. And the provision that I invoked, C1B, says if it's expressly authorized by statute, right? And so yes, section 404A of the First Step Act is a statute, but it has to be expressly authorized. And our position is that dual object conspiracies aren't expressly authorized, aren't expressly- Does that really move the ball at all? I mean, do you need to even cite to the statute? Well, I do only because my adversaries in their brief went on a bit about the rule of lenity and about the fact that we've only shown an ambiguity. They haven't shown a grievous ambiguity, but I don't think the rule of lenity applies. But if there is an ambiguity, then rather than this notion that it's remedial legislation, so you err on the side of caution, you err in the defendant's favor, I think that express authorization language would require you to err on the side of preserving a final judgment. All right. Do we have any other questions? Thank you, counsel. Judge Sirica, do you have any questions? And Judge Rendell? No, nothing further. Thank you. Okay, thank you. Well, we want to thank counsel for their excellent arguments as well as their excellent briefing. We really do appreciate it. And this is a very interesting case. We'll take the case under advisement. And we want to wish you and your families good health. And thank you again for participating in this argument via Zoom. And we'll ask the clerk to call the next case. Thank you.